UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE<br><br>EXTRADITION OF SAMIR AZIZI | Case No. 5:14-xr-90282 PSG<br><br>**ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER AND FOR AN ORDER SETTING CONDITIONS OF RELEASE**<br><br>[Re: Dkt. No. 10] |

      The German government, through the U.S. Attorney's Office, is seeking the extradition of Samir Azizi under the terms of the Extradition Treaty between Germany and the United States. Azizi is charged in Germany with 89 counts of tax evasion---i.e., providing tax authorities with incomplete or incorrect statements about tax-relevant facts or failing to inform them about tax-relevant facts---in violation of Section 370 of Germany's Fiscal Code. The amount of money in question numbers in the tens of millions of Euros. A magistrate judge of this district issued a provisional arrest warrant on March 31, 2014. Azizi was arrested later that day at the San Francisco International Airport after a flight from Dubai.

      Shortly before and after Azizi's preliminary appearance before this court, the government filed briefs stating its opposition to bail. Azizi now moves for an order releasing him on bail pending his extradition hearing. This court heard Azizi's motion on the three days' notice he provided. In the days leading up to the hearing, each side filed supplemental briefing on the

matter; and, after the hearing both sides also filed additional supplemental briefs---all of which this court has considered.[1]  Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court denies Azizi's motion.

It is well-settled that, unlike cases involving domestic crime, in international extradition proceedings there is a presumption against bail.  Wright v Henkel, 190 U.S. 40, 63, 23 S. Ct. 781, 786, 47 L.Ed 948 (1903); Salerno v. United States, 878 F.2d 317, 318 (9th Cir. 1989).  That is because the primary concern in an international extradition matter is to deliver the accused defendant to the requesting nation.  Matter of the Extradition of Nacif-Borge, 829 F. Supp. 1210, 1213 (D. Nev. 1993); United States v. Hills, 765 F. Supp. 381, 384-85 (E.D. Mich. 1991).  Only "special circumstances" will justify bail in such cases.  Salerno, 878 F.2d at 317.

What constitutes "special circumstances" is not precisely defined in caselaw.  But, the fact that a detainee is not a flight risk is not the standard for release.  Salerno, 878 F.2d at 318.  And, indeed, "special circumstances must exist *in addition to* absence of risk of flight." United States v. Taitz, 130 F.R.D. 442, 444 (S.D. Cal. 1990) (emphasis added).  "Examples of such circumstances include the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process."  Salerno, 878 F.2d at 317.  Moreover, "[t]he standard for release on bail for persons involved in [foreign] extradition proceedings is a more demanding standard than that for ordinary accused criminals awaiting trial."  Nacif-Borge, 829 F. Supp. at 1214 (quoting Hu Yau-Leung v. Soscia, 649 F.2d 914, 920 (2d Cir.1981), cert. denied, 454 U.S. 971, 102 S.Ct. 519, 70 L.Ed.2d 389 (1981)).  Thus, it has been observed that bail in international extradition cases has been limited to matters involving the "most pressing circumstances" and where the "requirements of justice are absolutely peremptory."  Id. (citations omitted).  Azizi bears the burden of proof. Salerno, 878 F.2d at 317-18.

This court will first consider whether Azizi has established any special circumstances because that issue is dispositive.  Risk of flight will be examined after special circumstances are

---

[1] Azizi's request for leave to file supplemental papers (Dkt. 12) is granted.

2

found, if at all.  See Nacif-Borge, 829 F. Supp. at 1215-16.

Azizi contends that bail is justified on the following grounds:  (1) he has been living openly in the United States; (2) he claims strong family relationships; (3) he claims strong community and professional ties; (4) he has no prior criminal record in the United States; (5) reciprocity considerations as to the availability of bail in Germany; (6) the alleged crime is non-violent in nature; and (7) he argues that the extradition proceedings are likely to be lengthy.  He is willing to submit to several conditions of release, including electronic monitoring, a curfew, and the surrender of his passport and green card.

Azizi has not raised substantial claims upon which he has a high probability of success.  Nor does he point to any health-related concerns.  With respect to his claim of delay, he posits that, in view of the sheer number of charges against him, the extradition proceedings will be lengthy.  He further contends that, even if he is found extraditable, he might pursue habeas corpus proceedings that could take years to resolve.  He has not, however, convincingly shown that his extradition proceedings have been delayed, much less that any delay was unusual.  In fact, the court has not yet received the official documentation from Germany; and, according to the parties' papers, the time for submission of those papers has not yet expired.  See Nacif-Borge, 829 F. Supp. at 1217 (finding arguments re undue delay to be premature where there were no appeals pending and where the official extradition papers had not been received and the time for lodging those papers had not yet expired).

Azizi contends that an individual arrested in the United States for the same crime would be entitled to bail and that a foreign national arrested in Germany for the same crime would similarly be entitled to bail.  He was not arrested in Germany, however; and, as discussed above, the Bail Reform Act, 18 U.S.C. §§ 3141 et seq. used in domestic crime cases, does not apply.  Moreover, the parties dispute whether Azizi would be entitled to bail had he been arrested in Germany.  While Azizi has presented a letter from his German counsel opining that an individual arrested in Germany on charges of violating German Fiscal Code section 370 would be entitled to bail (Dkt. 12-1), the government presents a letter from the German prosecutor who says that, under the circumstances presented in this particular case, Azizi would not be released on bail (Dkt. 14-1).  In

any event, while at least one court in the District of Nevada has found that the availability of bail, standing alone, is a special circumstance warranting release, see <u>Nacif-Borge</u>, 829 F. Supp. at 1221, this court agrees with the reasoning of others in that same district who conclude that the availability of bail in the requesting country is not a special circumstance.  See, e.g., <u>In re Extradition of Siegmund</u>, 887 F. Supp. 1383, 1386-87 (D. Nev. 1995) (stating that adopting a rule "under which an extraditee can be admitted to bail in the United States if the underlying offense is bailable in the requesting country, would 'force courts to make searching reviews of foreign laws to determine whether bail is appropriate for a given defendant in a given country for a given offense'") (quoting <u>In re Extradition of Rouvier</u>, 839 F. Supp. 537, 541 (N.D. Ill. 1993)).

Azizi correctly notes that courts recognize that the accumulation of several factors, even if the individual factors are weak, may constitute special circumstances.  But, the fact remains that special circumstances must be extraordinary, and not merely factors that apply to all incarcerated defendants.  <u>Matter of the Requested Extradition of Smyth</u>, 976 F.2d 1535, 1536 (9th Cir. 1992); <u>Nacif-Borge</u>, 829 F. Supp. at 1216.  The cases Azizi cites are distinguishable in that they involved some unique combination of circumstances that set the particular defendant's case apart from others.  For example, in <u>Matter of the Requested Extradition of Kirby</u>, the Ninth Circuit affirmed bail where the case had been stayed for over a year pending resolution of a related extradition matter; the defendants were in custody for several years prior to their bail hearings; and defendants were considered unique potential extraditees, given the context of the troubles between Protestants and Catholics in Northern Ireland.  106 F.3d 855 (9th Cir. 1997).  In another case, special circumstances were found where, among other things, Poland (the requesting country) did not seek extradition until some 11 years after the original charges were filed, despite the fact that the accused lived openly in the United States and made no effort to hide his whereabouts, and the long delay in seeking extradition remained unexplained.  <u>United States v. Wroclawski</u>, 634 F. Supp.2d 1003 (D. Ariz. 2009) (post-extradition certification); <u>United States v. Wroclawski</u>, 574 F. Supp.2d 1040 (D. Ariz. 2008) (pre-extradition certification).  In yet another matter, the court found special circumstances where, among other things, the extradition request was based on arrest warrants that were twice invalidated by the requesting country's own courts, and the validity of the arrest

4

warrants remained under a cloud. Matter of the Extradition of Santos, 473 F. Supp.2d 1030 (C.D. Cal. 2006). Other cases cited by Azizi are similarly distinguishable. See Matter of Extradition of Morales, 906 F. Supp. 1368 (S.D. Cal. 1995) (finding special circumstances where, among other things, Morales established unusual delay in the proceedings and had already been in custody more than the maximum sentence he would face if he were able to pay restitution or guarantee payment); Taitz, 130 F.R.D. at 445-47 (finding special circumstances where the criminal charges presented complex issues for resolution; Taitz lacked a prior criminal record; Taitz suffered an allergic reaction to the food and laundry soap used at the correctional facility where he was detained; and Taitz was unable to practice his religion while incarcerated at that facility).

On the record presented here, the court finds nothing extraordinary that distinguishes the instant case from any other. As discussed above, Azizi has not convincingly demonstrated unusual delay or that reciprocity considerations as to the availability of bail warrant his release. The remainder of his proffered factors pertain to the risk of flight, which as discussed above, is not the criterion for release.

Even if this court were to find that Azizi's factors, alone or in combination, constitute special circumstances, it is not confident that Azizi presents no risk of flight. He is a frequent international traveler with ties to Afghanistan and Dubai (with whom there is no extradition treaty). While his family is willing to post several properties as security for Azizi's bond, Azizi is a man of considerable means, with access to substantial resources. Azizi points out that he willingly came here to the United States (which has an extradition treaty with Germany) from Dubai (which does not). Still, the record presented indicates that he avoided returning to Germany after his sister was arrested there and after learning that he was a target of a tax fraud investigation in the same case.

Accordingly, this court finds no special circumstances warranting Azizi's release and his

1. motion for bail is denied.
2. **SO ORDERED**.
3. Dated:   May 13, 2014

   _____
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

6

5:14-xr-90282-PSG-1 Notice has been electronically mailed to:

John Mark Potter     johnpotter@quinnemanuel.com, amberburns@quinnemanuel.com, calendar@quinnemanuel.com

John Norman Glang     John.Glang@usdoj.gov, Tracey.Andersen@usdoj.gov

Meagan Kara Bellshaw     meaganbellshaw@quinnemanuel.com, calendar@quinnemanuel.com, mercedeshereford@quinnemanuel.com

Victoria K Blohm     vickiblohm@quinnemanuel.com