United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF SAMIR AZIZI | Case No.   5:14-xr-90282 PSG<br><br>**ORDER DENYING MOTION AND SUPPLEMENTAL MOTION TO TERMINATE SAMIR AZIZI'S PROVISIONAL ARREST**<br><br>[Re:   Dkt. Nos. 27, 30] |

Samir Azizi originally moved to terminate his provisional arrest on the ground that Germany's formal extradition papers were not timely submitted within the 40-day period following his arrest, as provided in the extradition treaty between Germany and the United States. In response to that motion, the government pointed out that the treaty permits Germany to request a 20-day extension of time to submit its formal extradition papers; and, through diplomatic notes exchanged with the U.S. State Department, on the 16th day following Azizi's arrest, Germany obtained a 20-day extension and subsequently submitted its extradition request and supporting documents to the State Department before the 60-day period expired.

Azizi then filed a "Supplemental Motion" in which he argues, more pointedly, that the court, not the State Department, should have decided Germany's requested extension. He says this is so because granting the extension had the collateral effect of extending his jail time, and he argues that only the court can decide custody matters. Neither side has cited, and this court has

not found, authority that squarely is on point. Azizi says that there probably is no such authority inasmuch as he believes he is raising a matter of first impression. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, this court denies the motion.

Azizi argues that his incarceration without bond automatically self-destructs unless the *court* takes some timely action (within the 40-day period following the arrest) on Germany's request for an extension of time to submit its formal paperwork. This court simply does not see a linkage between its authority to hold Azizi without bond and the question whether Germany properly obtained an extension of time to submit its extradition papers. While an individual's constitutional rights are superior to the government's treaty obligations, "[c]onstitutional procedural protections which by their terms are applicable only in criminal cases . . . are unavailable in extradition proceedings." Martin v. Warden, Atlanta Penitentiary, 993 F.2d 824, 829 (11th Cir. 1993) (concluding that petitioner had no Fifth or Sixth Amendment right to a speedy extradition). True, bail applications are decided by courts in extradition matters. See Matter of Requested Extradition of Kirby, 106 F.3d 855, 859 (9th Cir. 1996). Nevertheless, this court finds no intrusion on its functions by the State Department's decision to extend the time for the formal submission of Germany's extradition request. Even if it did, any such intrusion on the court's limited function in extradition matters is justified by the Executive branch's need to direct foreign affairs.

Extradition "is a diplomatic process carried out through the powers of the executive, not judicial, branch." Blaxland v. Commonwealth Director of Public Prosecutions, 323 F.3d 1198, 1207 (9th Cir. 2003); see also Martin, 993 F.2d at 828 ("Extradition is an executive, not a judicial function. The power to extradite derives from the President's power to conduct foreign affairs."). "The executive branch conducts the procedure on behalf of the foreign sovereign. The foreign sovereign makes no direct request of our courts, and its contacts with the judiciary are mediated by the executive branch." Blaxland, 323 F.3d at 1207. Consistent with these principles, the extradition treaty between Germany and the United States provides that extradition requests, any subsequent documents, and all other communications shall be transmitted through the "diplomatic

1  channel." (Dkt. 18, Ex. A (Extradition Treaty between the United States of America and the
2  Federal Republic of Germany (Treaty), art. 14(1), June 20, 1978). "American judicial officers
3  conduct a circumscribed inquiry in extradition cases," Blaxland, 323 F.3d at 1208, and their role is
4  limited to issuing an arrest warrant and holding an extradition hearing. See 18 U.S.C. § 3184.
5  Even if a judge finds that extradition is warranted, the Secretary of State is not obliged to accept
6  that finding, and "[e]xtradition ultimately remains an Executive function." Martin, 993 F.2d at
7  829.

Thus, in extradition proceedings, judges essentially are deputized to review the evidence and, if the evidence is deemed sufficient, to recommend extradition. Even if, arguendo, this court had been asked to entertain Germany's requested extension, it would have had no wherewithal to deny it. Unlike bail applications, which involve principles of jurisprudence, Germany's request for an extension to submit its formal extradition papers strikes this court as a matter of diplomacy and international relations---i.e., matters that fall squarely within the Executive branch's purview and which the court is not equipped to address.

Moreover, at the time Germany requested an extension to submit its formal extradition papers, Azizi was already being held without bond, as is customary in these cases.[1] In essence, Azizi's contention is this: In order for him to remain in custody after the 40 days ran, not only did Germany have to timely ask the State Department for an extension of time (which was done), but the State Department had to notify the U.S. Attorney's Office to petition the court to either approve the extension (really, none of the court's business) or reaffirm (or continue) its decision at his initial appearance to hold Azizi without bond. This is a clever, but tortured argument, which not only has no authority, but fails to convince. Azizi's motion to terminate his provisional arrest

---

[1] Bail generally is not available in extradition cases, and indeed, there is a presumption against it. Wright v Henkel, 190 U.S. 40, 63, 23 S. Ct. 781, 786, 47 L.Ed 948 (1903); Salerno v. United States, 878 F.2d 317, 318 (9th Cir. 1989).

is denied.

**SO ORDERED**.

Dated:   August 20, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

5:14-xr-90282-PSG-1 Notice has been electronically mailed to:

Douglas L. Rappaport     admin@sfcrimlaw.com

John Mark Potter     johnpotter@quinnemanuel.com, amberburns@quinnemanuel.com, calendar@quinnemanuel.com

John Norman Glang     John.Glang@usdoj.gov, Tracey.Andersen@usdoj.gov

Meagan Kara Bellshaw     meaganbellshaw@quinnemanuel.com, calendar@quinnemanuel.com, mercedeshereford@quinnemanuel.com

Victoria K Blohm     vickiblohm@quinnemanuel.com